■ WILLIAM EVANS, Appellant-Respondent, v CITICORP, N. A., Respondent, and RIVERDALE REALTY COMPANY, INC., Now Known as UNITED PROPERTIES GROUP, Respondent-Appellant, et al., Third-Party Plaintiffs, et al., Third-Party Defendant. [714 NYS2d 473] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered March 23, 1999, which, in an action for personal injuries sustained by a building maintenance worker against the building's owner and sole tenant, insofar as appealed from as limited by the briefs, granted the tenant's motion for summary judgment, denied the owner's motion for summary judgment, and denied plaintiff's cross motion for further disclosure, unanimously modified, on the law, to grant the owner's motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Riverdale Realty Company, Inc., now known as United Properties Group, dismissing the complaint as against it.

The action was properly dismissed as against the tenant upon a finding that plaintiff was its special employee. The record establishes that while third-party defendant paid plaintiff's salary and workers' compensation benefits, his duties were directed and controlled by the tenant, certain of whose employees he considered to be his supervisors with influence effectively amounting to authority to fire him (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553). Plaintiff's cross motion for further disclosure is moot, as the requested material has been provided. However, summary judgment should also have been granted to the owner, and we modify accordingly. Plaintiff was injured when he slipped and fell on snow and ice on the roof of the building. The right to reenter and inspect and make structural repairs reserved by the owner, an out-of-possession landlord, did not render it responsible for the general maintenance of the premises, including snow removal, which was the sole responsibility of the tenant. The cause of plaintiff's fall, snow and ice, did not involve a structural defect, and plaintiff does not refer to a statutory provision that was violated (*see, Manning v New York Tel. Co.*, 157 AD2d 264). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.