■ ANNA ORTIZ, Respondent, v ROSE NEDERLANDER ASSOCIATES, INC., et al., Appellants. [933 NYS2d 684]—

The court properly denied defendants' motion in this action where plaintiff alleges that she was injured when, while in the course of her employment cleaning defendants' theater, she slipped and fell down an interior staircase. Defendants failed to demonstrate that plaintiff was their special employee and thus, barred from maintaining this personal injury action under the Workers' Compensation Law.

The record shows that plaintiff was compensated by nonparty Nederlander Producing Company of America (NPCA), which was also her supervisor's employer. Although identifying the entity which controlled the work of plaintiff's supervisor is highly probative of who controlled the injured plaintiff's work (*see Bautista v David Frankel Realty, Inc.*, 54 AD3d 549, 552 [2008]), the record does not support defendants' assertion that they controlled the work of plaintiff's supervisor. Moreover, the fact that defendants and NPCA appear to be affiliated, does not establish, as a matter of law, that they were "alter egos or joint venturers for the purpose of barring plaintiff's claims under the Workers' Compensation Law" (*Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]).

Defendants' argument that NPCA was merely a "common paymaster" is not dispositive of the special employer issue. The record shows that NPCA did more than just issue payroll checks. It is undisputed that it also entered into an employment contract with plaintiff's supervisor. The record does indicate that defendant, Rose Nederlander Associates, Inc., paid NPCA funds to cover payroll. However, there is no evidence that de-

fendant J. Ned, Inc. directly contributed to such funding, and even with respect to Rose Nederlander Associates, Inc., there is no evidence that there was a written contract between it and NPCA mandating such payments.

Furthermore, even if one defendant funded NPCA's payroll, such fact is just a single factor militating in favor of a special employment relationship. Standing alone, and without, inter alia, the additional showing that, defendants directed and controlled plaintiff's duties, or the existence of a contract by which defendants directly undertook duties in relation to plaintiff, the funding-source element is not dispositive (*compare Evans v Citicorp*, 276 AD2d 370 [2000]). Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.