ENRIQUE BAYONA, Respondent, v HERTZ CORPORATION, Appellant. [50 NYS3d 353]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on July 7, 2016, which denied defendant's summary judgment motion, and sua sponte granted plaintiff partial summary judgment to the extent of finding that plaintiff was not a special employee of defendant, and that the action is not barred under Workers' Compensation Law, unanimously affirmed, without costs.

The parties do not dispute the facts in this action. The record establishes that plaintiff, a maintenance worker, is an employee of nonparty CB Richard Ellis. Plaintiff was assigned to work at two Hertz locations. Although Hertz management generally directed the manner, details, and result of plaintiff's work, there is no evidence that Hertz had "complete and exclusive control" over such work or that CB Richard Ellis surrendered its right to control and direct plaintiff's work (*see Holmes v Business Relocation Servs., Inc.*, 117 AD3d 468, 468 [1st Dept 2014], *affd* 25 NY3d 955 [2015]; *Bharat v Bronx Lebanon Hosp. Ctr.*, 106 AD3d 540, 540 [1st Dept 2013]; *Bellamy v Columbia Univ.*, 50 AD3d 160, 165 [1st Dept 2008]).

Rather, the evidence demonstrates that CB Richard Ellis retained some control over plaintiff. CB Richard Ellis paid plaintiff's wages, had the right to hire or discharge him, had the right to reassign him, and retained control over him with respect to assigned tasks outside his normal daily activities. In addition, plaintiff reported back to CB Richard Ellis supervisors on a regular basis, and spoke with them about numerous things, including obtaining certain tools and assigning someone else to help him. Plaintiff also wore a uniform daily that identified him as an CB Richard Ellis employee, and the contract between CB Richard Ellis and Hertz explicitly stated that CB Richard Ellis retained "sole control" of management of personnel, including plaintiff.

In addition to correctly denying Hertz's summary judgment motion, Supreme Court properly searched the record to find

that, as a matter of law, plaintiff was not a special employee of Hertz (*see Siegel Consultants, Ltd. v Nokia, Inc.*, 85 AD3d 654, 656-657 [1st Dept 2011], *lv denied* 18 NY3d 809 [2012]). Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.