Ortiz v Mar-Can Transp. Co., Inc. (2020 NY Slip Op 01036)





Ortiz v Mar-Can Transp. Co., Inc.


2020 NY Slip Op 01036


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11039N 27583/16E

[*1] Rosalinda Ortiz, Plaintiff-Appellant,
v
Mar-Can Transportation Co., Inc., et al., Defendants-Respondents.


Law Office of Charles E. Finelli & Associates, PLLC, Bronx (David Gordon of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York (James M. Strauss of counsel), for respondents.



Order, Bronx County (John R. Higgitt, J.), entered February 7, 2019, which, inter alia, granted the motion of defendants, Mar-Can Transportation Co., Inc. (Mar-Can) and Ramonita Matos, to renew their motion for summary judgment dismissing the complaint, and upon renewal, granted the motion, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendants' motion to renew their summary judgment motion, in order to correct a procedural error by the court, which had overlooked a prior order by another justice precluding plaintiff from submitting opposition papers (see Kase v H.E.E. Co., 95 AD3d 568, 569 [1st Dept 2012]). Contrary to plaintiff's contention, defendants had a right to enforce the preclusion order, which had been served upon her with notice of entry (see James Talcott Factors v Larfred, Inc., 115 AD2d 397, 400 [1st Dept 1985], lv dismissed 67 NY2d 736 [1986]).
The court correctly found, both in its original decision and upon renewal, that defendants made a prima facie showing that the action was barred by the exclusivity provisions of the Workers' Compensation Law by submitting evidence establishing that plaintiff was Mar-Can's special employee at the time of the bus accident giving rise to her claims. Although plaintiff was a general employee of nonparty B-Alert, the individual who was president and manager of both Mar-Can and B-Alert averred that Mar-Can supervised and controlled all of B-Alert's employees, including plaintiff, and had authority to hire and fire, conduct work evaluations, determine sick and vacation leave policies, and set work schedules (see Urena v Pace Univ.,1 AD3d 208, 209 [1st Dept 2003]; Karczewicz v 473 Owners Corp., 272 AD2d 137 [1st Dept 2000]). That B-Alert paid plaintiff's salary and workers' compensation benefits is of no moment, given that defendants demonstrated her duties were directed and controlled by Mar-Can (see Evans v Citicorp, 276 AD2d 370 [1st Dept 2000]).
Since plaintiff was precluded from submitting opposition, the action was properly dismissed upon defendants meeting their
initial burden to show that she was Mar-Can's special employee when the accident happened.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK