Ramos v 110 Bennett Ave., LLC (2020 NY Slip Op 01251)





Ramos v 110 Bennett Ave., LLC


2020 NY Slip Op 01251


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11074 152665/13

[*1] Alejo Ramos, Plaintiff-Respondent,
v
110 Bennett Avenue, LLC, et al., Defendants-Appellants.


Carol R. Finocchio, New York (Marie Hodukavich of counsel), for appellants.
Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 9, 2019, which, inter alia, denied the motion of defendant 110 Bennett Avenue, LLC (Owner) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Owner failed to establish that plaintiff was its special employee when plaintiff's accident occurred on Owner's property. Although plaintiff worked as the superintendent of Owner's property, there is no evidence that Owner assumed exclusive control over "the manner, details and ultimate result of the employee's work" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]). Rather, the evidence shows that employees of defendant Rose Associates, Inc. (Rose) supervised and directed plaintiff's work.
Contrary to Owner's arguments, its general instructions to clean and maintain the building does not establish sufficient control and direction of the manner and details of plaintiff's work to establish a special employment relationship (see Bautista v David Frankel Realty, Inc., 54 AD3d 549, 553 [1st Dept 2008]). Owner's representative testified that she visited the property only four times a year, and made only general observations about the property's condition. Moreover, Owner's reimbursement of plaintiff's wages, benefits, and worker's compensation insurance are insufficient to show that a special employment relationship existed, absent other evidence showing that it directed and controlled plaintiff's duties (see Ortiz v Rose Nederlander Assoc., Inc., 90 AD3d 454, 455 [1st Dept 2011]; Evans v Citicorp, 276 AD2d 370 [1st Dept 2000]).
The fact that Rose, as general employer, exerted the amount of control that it did over plaintiff's work establishes that it did not cede exclusive control to Owner (see Bayona v Hertz Corp., 148 AD3d 608 [1st Dept 2017]. Furthermore, the management agreement between Owner and Rose specifically stated that plaintiff was deemed an employee of Rose and not an employee of Owner (see Bautista, 54 AD3d at 554).
We have considered Owner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK