Harris v Pelham Parkway Nursing Care & Rehabilitation Facility LLC (2021 NY Slip Op 06800)





Harris v Pelham Parkway Nursing Care & Rehabilitation Facility LLC


2021 NY Slip Op 06800


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 29462/20E Appeal No. 14765 Case No. 2021-03220 

[*1]Mariantha Harris, Plaintiff-Appellant,
v
Pelham Parkway Nursing Care and Rehabilitation Facility LLC, Defendant-Respondent.


Law Office of Lizzette Muniz, LLC, New York (Lizzette A. Muniz of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Shannon Henderson of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about May 4, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for summary judgment dismissing the affirmative defense based on the exclusivity provision of the Workers' Compensation Law, unanimously reversed, on the law, without costs, and the cross motion granted.
Plaintiff established prima facie that she was not defendant's general or special employee at the time of her slip and fall accident, but was employed solely by nonparty Clear Choice, P.C. (see Workers' Compensation Law §§ 11, 29[6]; Bellamy v Columbia Univ., 50 AD3d 160 [1st Dept 2008]). She submitted an affidavit that she was directed, supervised, and trained by Clear Choice's president, and her employment agreement with Clear Choice, which stated that Clear Choice would pay her salary, provide her with equipment and facilities to work, and direct her work and schedule (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1221 [2d Dept 2019]).
Defendant did not submit any evidence in support of its contention that it was plaintiff's special employer, and its reliance on the fact that plaintiff performed her duties at its nursing home is, on its own, insufficient to raise a factual issue (see Ramos v 110 Bennett Ave., LLC, 180 AD3d 554, 554-555 [1st Dept 2020]; Salinas v 64 Jefferson Apts., LLC, 170 AD3d at 1221).
The doctrine of judicial estoppel is inapplicable because plaintiff did not secure a judgment in her favor in the prior proceeding she commenced before the New York State Division of Human Rights (see Baje Realty Corp. v Cutler, 32 AD3d 307 [1st Dept 2006]). Defendant's argument that plaintiff's motion is premature is improperly raised for the first time on appeal (see Copp v Ramirez, 62 AD3d 23, 31 [1st Dept 2009], lv denied 12 NY3d 711 [2009]), and, in any event, defendant cannot show that facts essential to oppose the motion were exclusively within plaintiff's knowledge and control (CPLR 3212[f]; see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021