Axelrod v 44 Lexington Assoc., LLC (2023 NY Slip Op 06308)

Axelrod v 44 Lexington Assoc., LLC

2023 NY Slip Op 06308

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 154572/16 Appeal No. 1164 Case No. 2022-03443 

[*1]Nicole Axelrod, Plaintiff-Respondent,
v
44 Lexington Associates, LLC, et al., Defendants-Respondents-Appellants, Transition Management Corporation, Defendant-Appellant-Respondent.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellant-respondent.
Pillinger Miller Tarallo, LLP, Garden City (Mitchell S. Cohen of counsel), for respondents-appellants.
Miller Eisenman & Kanuck, LLP, New York (Jonathan M. Kanuck of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 21, 2022, which denied Transition Management Corporation's (TMC) motion for summary judgment dismissing the complaint and any cross-claims against it, unanimously affirmed, without costs.
TMC failed to establish prima facie that the engineers it contracted to provide to defendant 44 Lexington Associates, LLC (hotel) were special employees of the hotel and that it cannot be held vicariously liable for plaintiff's slip and fall based on the alleged negligence of the engineers (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). There was no affirmative showing by TMC that complete and exclusive control of the engineers was relinquished by TMC and assumed by the hotel (see Bellamy v Columbia Univ., 50 AD3d 160, 161 [1st Dept 2008]).
While the hotel's director of engineering testified that he trained, scheduled, and had day-to-day control of the engineers without any input from TMC, TMC failed to address the record evidence that it retained control and continued as the general employer of the engineers, including the right to terminate their employment. As noted by Supreme Court, the service agreement, which defined the engineers as TMC's employees, guaranteed the quality of the work performed by the engineers, required TMC to pay the engineers, carry workers' compensation and general liability insurance on behalf of the hotel, and permitted TMC to terminate employees by following the hotel's termination policy, raise a question of fact as to whether the engineers were special employees of the hotel (see Thompson v Grumman Aerospace Corp., 78 NY2d at 559; Ramos v 110 Bennett Ave., LLC, 180 AD3d 554, 555 [1st Dept 2020]).
Issues of fact also exist as to whether TMC's employees launched a force or instrument of harm in failing to exercise reasonable care in the performance of their services under the service agreement, to which plaintiff was not a party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138-139 [2002]). TMC failed to address plaintiff's allegation that its employees created or exacerbated the alleged hazard that caused her accident (see Lopez v New York Life Ins. Co., 90 AD3d 446,447 [1st Dept 2011]).
Contrary to TMC's contention that the service agreement did not cover the restaurant where plaintiff worked, the contract provided services to the premises where both the restaurant and hotel are located. In any event, TMC does not dispute the evidence that its engineers regularly responded to the restaurant's calls regarding clogged drains and leaking pipes, including in the weeks before plaintiff's slip and fall (see Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]). Moreover, in the service agreement, TMC explicitly provides quality assurance for its services and indemnifies the hotel for liabilities arising from its services. In view of the foregoing, codefendants' cross-claim for contractual indemnification against TMC survives.
We have considered TMC's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023