Palma v Woodside Ventures, LLC (2026 NY Slip Op 00094)

Palma v Woodside Ventures, LLC

2026 NY Slip Op 00094

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Index No. 20867/18|Appeal No. 5648|Case No. 2024-07714|

[*1]Javier Palma, Respondent,
vWoodside Ventures, LLC, Appellant.

Perry, Van Etten, Rainis & Kutner, LLP, Melville (Michael C. Dombrowski of counsel), for appellant.
John E. Lavelle Law Firm PC, Williston Park (John E. Lavelle of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about November 22, 2024, which, insofar as appealed from, denied the motion of defendant Woodside Ventures, LLC for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Woodside failed to establish prima facie that plaintiff was its special employee at the time of the accident and so this action should be barred by the exclusivity provisions of the Workers' Compensation Law (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359 [2007]; Workers' Compensation Law §§ 11, 29[6]). Woodside's argument that it is the alter ego of plaintiff's employer, nonparty A&E Real Estate Management, LLC, was correctly rejected by the motion court on the ground that the record fails to demonstrate that Woodside exercised domination and control over A&E's everyday operations (see Alberico v Riverside Unit C, LLC, 220 AD3d 504, 505 [1st Dept 2023]). Although Woodside purportedly funded A&E's payroll and secured insurance for the premises and A&E employees, Woodside submitted "no evidence that [its and A&E's] finances were integrated, that they commingled assets, or that the principals failed to treat the entities as separate and distinct" (Amill v Lawrence Ruben Co., Inc., 100 AD3d 458, 459 [1st Dept 2012] [internal quotation marks omitted]).
Woodside also failed to establish prima facie that it had assumed exclusive control over the manner, details, and ultimate result of plaintiff's work (see Ramos v 110 Bennett Ave., LLC, 180 AD3d 554, 554 [1st Dept 2020]). Plaintiff testified at his deposition that his boss and supervisor worked for A&E (see Soodin v Fragakis, 91 AD3d 535, 536 [1st Dept 2012]). Moreover, plaintiff's supervisor at the time of the accident testified at his deposition that he was employed by A&E and that plaintiff's manager, who had the authority to alter plaintiff's work schedule, worked for A&E. Furthermore, a partner of A&E testified that he had been a partner of A&E since its inception but could not recall the specifics or "the legal interplay" between A&E and Woodside.
Although Woodside submitted an affidavit from A&E's president averring that, pursuant to the management agreement between the parties, Woodside "retained the ability to determine which personnel worked at the building, their duties, schedule, and rate of pay," this actually conflicts with the text of the management agreement, which provided that all employees were employees of A&E, not Woodside, and that A&E was responsible for all matters pertaining to the employees, including "their employment, supervision, compensation, promotion and discharge, recognizing and bargaining with their union representatives, administering collective bargaining agreements, and responding to grievances."
Accordingly, "[i]n light of the principles that general employment is presumed to continue and the question of whether a special employment relationship exists is generally one for the trier of fact, and the requirement that [this Court] draw all reasonable inferences in favor of the party opposing summary judgment, [Woodside] failed to demonstrate its entitlement to judgment as a matter of law" (Bautista v David Frankel Realty, Inc., 54 AD3d 549, 555-556 [1st Dept 2008] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026