■ Sylvestre Jean-Francois, Appellant, v Port Authority of New York and New Jersey, Defendant, and British Airways, PLC, et al., Respondents. (And Other Third-Party Actions.) [27 NYS3d 7]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 4, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross motion for partial summary judgment on the issue of liability as against defendants British Airways, PLC and MIC General Contracting Inc. (MIC), unanimously reversed, on the law, without costs, and the cross motion granted.

Plaintiff established entitlement to judgment as a matter of law in this action where he was injured when a television monitor and its bracket fell from the wall to which they had been mounted and onto him. Plaintiff submitted evidence, including the deposition testimony of MIC's employees, the affidavit of a construction expert, and the instruction manual for installation of the monitor bracket, showing that MIC negligently installed the subject bracket. In opposition, MIC failed to raise a triable issue of fact. It did not proffer an expert that contradicted plaintiff's expert, and instead offered only unsupported speculation that was insufficient to rebut plaintiff's showing. Although MIC was a third-party contractor, that status does not protect it where, as here, it "launched a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002] [internal quotation marks omitted]).

Partial summary judgment should have also been granted in favor of plaintiff as against British Airways, which contracted for MIC to perform monitor installations at its terminal (*see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC*, 99 AD3d 448, 450 [1st Dept 2012]). As an invitee, MIC's negligence is imputed to British Airways (*see Correa v City of New York*, 66 AD3d 573, 574-575 [1st Dept 2009]; *LoGiudice v Silverstein Props., Inc.*, 48 AD3d 286 [1st Dept 2008]). Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.