Tobola v 123 Wash., LLC (2021 NY Slip Op 03537)





Tobola v 123 Wash., LLC


2021 NY Slip Op 03537


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 152130/18 Appeal No. 13994 Case No. 2020-03085 

[*1]Paul Tobola, Plaintiff-Appellant-Respondent,
v
123 Washington, LLC, et al., Defendants-Respondents-Appellants, Starwood Hotel & Resorts Worldwide, LLC, et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Law Office of James Toomey, New York (Evy Kazansky of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about June 30, 2020, which denied defendants 123 Washington, LLC, W Hotel Management, LLC, and Town House Specialty Cleaning Co.'s motion for summary judgment dismissing the complaint as against them, and denied plaintiff's cross motion for partial summary judgment against Town House, unanimously modified, to grant plaintiff's cross motion, and otherwise affirmed, without costs.
On January 8, 2018, at about 2:00 a.m., plaintiff was walking through the fifth-floor lobby of the W New York Downtown Hotel, located at 123 Albany Street in Manhattan, where he was staying, when he slipped and fell on a puddle of water and cleaning solution that had been poured onto the black marble tile floor by a housekeeper.
Defendant 123 Washington owned the building and leased the premises to defendant W Hotel, and defendant (not a party to this appeal) Starwood Hotel & Resorts Worldwide, LLC was operating the hotel out of the premises. 123 Washington contracted with defendant Town House to clean the accident location, and Town House's employee, nonparty Juan Burgos, was cleaning the lobby floor when plaintiff fell. Plaintiff alleged that Burgos poured a large amount of cleaning solution onto the lobby's floor without barricading the location to prevent hotel guests from entering the area while he was cleaning, failed to place down safety mats to provide people with a safe passage through the area while the floor was wet, and failed to post appropriate warning signs.
There is video surveillance footage of the accident; no party disputes that the floor was dry when plaintiff first walked through the area to enter the restroom and that it was wet when he returned about five minutes later.
Plaintiff is entitled to partial summary judgment as against Town House, the outside cleaning contractor, since the evidence showed that Town House's employee launched a force or instrument of harm by negligently mopping or leaving a puddle of water near the guest elevators in the lobby before plaintiff's fall (see Jean-FranÇois v Port Auth. of N.Y. & N.J., 137 AD3d 450 [1st Dept 2016]; Brown v Simone Dev. Co., L.L.C., 83 AD3d 544, 545 [1st Dept 2011]).
Triable issues of fact exist as to whether 123 Washington or W Hotel had actual or constructive notice that there was a wet and slippery condition on their lobby floor.
123 Washington and H Hotel are not entitled to summary judgment because, as owner and lessee of the premises, they had a nondelegable duty to maintain the public areas of the hotel in reasonably safe condition and can be held vicariously liable for any negligence on the part of Town House that caused the lobby floor to become unsafe (see LoGiudice v Silverstein Props., Inc., 48 AD3d 286, 287 [1st Dept 2008]; Thomassen v J & K Diner, 152 AD2d 421, 424-425 [2d Dept 1989], appeal dismissed 76 NY2d 771 [1990]).
We have considered the parties' remaining arguments for affirmative relief [*2]and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021