Williams v Beth Israel Hosp. Assn. (2022 NY Slip Op 00027)





Williams v Beth Israel Hosp. Assn.


2022 NY Slip Op 00027


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Pitt, JJ. 


Index No. 24577/15E Appeal No. 14941 Case No. 2021-00548 

[*1]Lisa Williams, Plaintiff-Respondent,
v
Beth Israel Hospital Association et al., Defendants, Beth Israel Medical Center, Defendant-Appellant.


Turkin, Heath & McCauley LLP, New York (Jason D. Turken of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 4, 2021, which, to the extent appealed from, denied defendant Beth Israel Medical Center's motion to dismiss and for summary judgment dismissing the complaint and ordered additional discovery as to whether plaintiff qualified as its special employee, unanimously affirmed, without costs.
Plaintiff brought this action asserting a negligence claim arising from a trip and fall when her foot got hitched, hooked or held back by a "rise or wrinkle" on a floor mat in the vestibule leading to the entrance of defendant's premises. She was employed by a staffing agency and assigned to work at defendant's facility since October 2014; first as a Certified Nursing Assistant (CAN) and, at the time of her fall in March 2015, as a Patient Care Technician (PCT). While employed by the staffing agency, and prior to being assigned to defendant's facility, she had been assigned to work at two other healthcare and rehabilitation facilities where she was supervised by a supervisor from the staffing agency and a supervisor from the assigned facility.
Defendant answered and asserted lack of actual or constructive notice of a dangerous condition on the premises as one of its affirmative defenses. After joinder of issue, defendant moved for summary judgment, for leave to amend the answer to assert as a defense that plaintiff's sole remedy is under the Workers' Compensation Law because defendant was her special employer exercising control over her work, and to dismiss for lack of subject matter jurisdiction, collateral estoppel and for failure to state a claim based on the new defense. The court denied the motion to dismiss and for summary judgment and granted the motion for leave to amend the answer to assert the Worker's Compensation Law defense.
In support of its motion to dismiss the complaint based on the newly raised defense under the Workers' Compensation Law, which asserted lack of subject matter jurisdiction, defendant failed to make a "clear demonstration of surrender of control" by the staffing agency [plaintiff's general employer] "and assumption of control" by defendant [the alleged special employer] (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]; see Workers' Compensation Law §§ 11, 29[6]; compare Warner v Continuum Health Care Partners, Inc., 99 AD3d 636, 636-637 [1st Dept 2012], with Bayona v Hertz Corp., 148 AD3d 608, 608 [1st Dept 2017]).
In support of its motion for summary judgment dismissing the complaint, defendant failed to establish prima facie a lack of constructive notice of the defect in the floor mat on which plaintiff tripped and fell, as its witnesses could not say when the area was last cleaned or inspected, and defendant submitted no documentary evidence thereof (see Castillo-Sayre v Citarella Operating LLC, 195 AD3d 513, 513 [1st Dept 2021]). Defendant's showing of general cleaning procedures was insufficient (Smith v Montefiore Med[*2]. Ctr., 192 AD3d 609, 610 [1st Dept 2021]). Given defendant's failure to make a prima facie showing that it lacked constructive notice, plaintiff was not required to show how long the condition existed (White v MP 40 Realty Mgt. LLC, 187 AD3d 561, 562 [1st Dept 2020]).
Defendant failed to establish prima facie a lack of actual notice, as its witnesses admitted that it kept no records of complaints received or resolved; defendant merely pointed out gaps in plaintiff's case (see Sabalza v Salgado, 85 AD3d 436, 437-438 [1st Dept 2011]; George v New York City Tr. Auth., 306 AD2d 160 [1st Dept 2003]).
Defendant failed to establish prima facie that the defect was insignificant and that neither its characteristics nor the surrounding circumstances increased the risks it posed (see Trinidad v Catsimatidis, 190 AD3d 444, 444-445 [1st Dept 2021]; see e.g. Marks v 79th St. Tenants Corp., 191 AD3d 436, 436-437 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022