Bolson v UJA-FED Props. Inc., Ltd. (2024 NY Slip Op 00966)

Bolson v UJA-FED Props. Inc., Ltd.

2024 NY Slip Op 00966

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 155010/16 Appeal No. 1743 Case No. 2022-04265 

[*1]Robert Bolson, Plaintiff-Appellant,
v
UJA-FED Properties Inc., Ltd. et al., Defendants-Respondents, R & R Scaffolding, Ltd., Defendants.

Michael H. Zhu, PC, Rego Park (Michael H. Zhu of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for UJA-FED Properties, Inc., Ltd., respondent.
Barry, McTiernan & Moore, New York (Allison A. Snyder of counsel), for A.W. & S. Construction Co., Inc., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 15, 2022, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions denied.
Defendants failed to establish prima facie that they were not negligent in the installation and maintenance of the Masonite flooring on which plaintiff tripped and fell (see Vargas v Riverbay Corp., 157 AD3d 642 [1st Dept 2018]). Although defendants claim that they neither created nor had actual or constructive notice of the condition that caused plaintiff's injuries, the record establishes that defendant owner UJA-FED Properties Inc., Ltd. (UJA) requested that defendant A.W. & S. Construction Co., Inc. (AW&S) protect the floors during a renovation project in its building for which AW&S served as general contractor. As AW&S's project superintendent testified, AW&S specifically undertook responsibility for the installation, maintenance, and inspection of the protective Masonite flooring while it was on site, and the project superintendent noted that there were sections of Masonite that lacked duct tape securing it to the floor in the area where plaintiff tripped and fell. Based on this testimony, there are questions of fact as to whether AW&S's failure to secure the Masonite, or to note that it was not secured upon inspection, was the proximate cause of plaintiff's injuries (see e.g. Medina v Fischer Mills Condo Assn., 181 AD3d 448, 449 [1st Dept 2020]). Contrary to AW&S's contention, where a defendant has undertaken a specific duty, it is obligated to perform that duty with reasonable care or be liable for any hazards it creates (see Genen v Metro-North Commuter R.R., 261 AD2d 211, 212 [1st Dept 1999]; see also Espinal v Melville Snow Contrs., 98 NY2d 136, 139-140 [2002]). UJA, as owner, has a separate, nondelegable duty to maintain its premises, and AW&S's negligent maintenance of the Masonite, if established, could be imputed to UJA (see Jean-Francois v Port Auth. of N.Y. & N.J., 137 AD3d 450 [1st Dept 2016]).
Defendants also failed to make a prima facie showing that they lacked constructive notice of the condition. Neither defendant offered evidence of maintenance and inspection records despite testimony that the duct tape on the Masonite required routine replacement when it became curled or wet (see Williams v Beth Israel Hosp. Assn., 201 AD3d 429, 430-431 [1st Dept 2022]). As such, plaintiff was not required to establish how long the condition existed (id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024