Qeliqi v Gladden Props. LLC (2024 NY Slip Op 02101)

Qeliqi v Gladden Props. LLC

2024 NY Slip Op 02101

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 159533/19 Appeal No. 2079 Case No. 2023-03375 

[*1]Bahtija Qeliqi, Plaintiff-Respondent,
v
Gladden Properties LLC, Defendant-Appellant.

Russo & Gould LLP, New York (Alan S. Russo of counsel), for appellant.
Redmond Law Firm, PLLC, New York (Cornelius Redmond of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 26, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly denied defendant's motion for summary judgment.
Contrary to defendant's contention, the surveillance footage, and the photographs from the incident report, which are the only images that purportedly show the subject mat after the accident, are of too poor quality to render them insufficient to establish that the mat was not in a defective condition before the accident. The photographs taken by defendant's expert almost four years after the accident are irrelevant because the expert never averred that they depicted the subject mat as it appeared on the day of the accident. Furthermore, none of the affidavits defendant submitted in support of its summary judgment motion establish the condition of the mat prior to the accident because defendant's affirmants never claimed that they inspected it before plaintiff fell. In any event, plaintiff's deposition testimony, that she saw that the mat's black rubber edging was lifted and "turned up" and not lying flat on the floor after the accident, demonstrates an issue of fact as to whether defendant violated its duty to maintain its premises in a reasonably safe condition (see Garcia v Best Value Discount Corp., 67 AD3d 480, 480 [1st Dept 2009]).
Defendant met its initial burden to show that it lacked actual knowledge about the defective mat by demonstrating that, prior to the accident, it received no complaints about the mat and that its employees did not cause or create the alleged defect. However, plaintiff's deposition testimony, that she complained to her supervisor about the mat three or four months before the accident, raised a triable issue of fact as to whether defendant had actual notice that the mat was in a defective condition before she fell. While defendant submitted an affidavit from plaintiff's supervisor denying plaintiff complained to him about the mat's condition before the accident further, such conflicting evidence simply raised issues of fact and credibility, precluding a grant of summary judgment (see Majstorovic v Best Mkt., 215 AD3d 560, 560-561 [1st Dept 2023]). Defendant's claim that there is no evidence that nonparty Pritchard Industries (Pritchard), an independent contractor providing janitorial services at the subject premises and plaintiff's employer at the time of the accident, was its agent conflicts with the averment made by defendant's property manager that Pritchard was responsible to notify defendant when a mat required repair.
Additionally, we find that defendant failed to sustain its initial burden of demonstrating that it lacked constructive notice of the defective elevator mat, as its witnesses did not testify when the area was last cleaned or inspected before the accident, and defendant submitted no documentary evidence thereof (see Williams [*2]v Beth Israel Hosp. Assn., 201 AD3d 429, 430 [1st Dept 2022]). Even had defendant met its initial burden, plaintiff's testimony that she told her supervisor about the mat's defective condition months before the accident occurred raised a triable issue of fact as to whether defendant had constructive notice about its condition before she fell.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024