■ Kathleen Toner, Respondent, v National Railroad Passenger Corp. et al., Appellants. [894 NYS2d 873]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 9, 2009, which denied defendants' motion for summary judgment, reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Tom, J.P., and Manzanet-Daniels, J., concur in a separate memorandum by Tom, J.P., as follows: Plaintiff slipped and fell at the bottom of a stairway at the 7th Avenue entrance to Penn Station at West 32nd Street in Manhattan. While the parties disputed whether it was raining at the time of the accident and whether warning signs were displayed, it was agreed that mats had been placed at the bottom of the staircase and that workers were mopping the floor. In opposition, plaintiff contended that defendants failed to take effective measures to remedy the hazardous condition by their positioning of the mats so as to leave an exposed area of floor at the foot of the stairs.

Defendants made a prima facie showing of entitlement to judgment as a matter of law (*Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 464 [2009]). Plaintiff's contention that the mats were placed approximately three feet from the bottom of the staircase is insufficient to rebut this showing. The law imposes only the obligation to take reasonable measures to remedy a hazardous condition, and the failure to take any particular precaution which transcends that standard, even if customary, "cannot serve as a basis [for] liability" (*id.* at 466; *see also Bernhard v Bank of Montreal*, 41 AD3d 180 [2007]).

Andrias and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: I agree with the other concurring memorandum but think some additional discussion is appropriate. Even assuming the storm-in-progress doctrine relied on by defendants is not applicable to a storm involving only rain (*see Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 693-694 [3d Dept 2004]), defendants established entitlement to summary dismissal nonetheless. Property owners have no obligation to provide a constant remedy for conditions created by tracked-in rainwater (*Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107 [2000]). Furthermore, property owners are not liable for slip-and-fall injuries unless they created the hazard or had notice of it but failed to exercise reasonable care to remedy it (*see Garcia v Delgado Travel Agency*, 4 AD3d 204 [2004]; *Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36, 37 [1999], *lv denied* 94 NY2d 761 [2000]; *see also Miller v Gimbel Bros.*, 262 NY 107 [1933]). Here the evidence shows actual notice to defendants of a wet and slippery condition. The issue is thus

whether they took reasonable precautions to remedy that condition.

Defendants' evidence that they had placed mats at the bottom of the staircase, put up wet floor warning signs and cones, and had workers mopping the floor near the spot where plaintiff fell supports a prima facie showing of entitlement to judgment as a matter of law (*Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 464 [2009]). For her part, plaintiff acknowledged that she saw a worker mopping the floor, but testified that a mat was placed approximately three feet from the bottom of the staircase and that she slipped on the wet floor between the mat and the bottom of the staircase. In addition, she insisted she did not see any wet floor signs in the area of the accident. The mere fact that plaintiff did not see such signs does not rebut defendants' evidence that the signs were there. The only disputed factual issue concerned the placement of the mats; in contrast to plaintiff's testimony, defendants' evidence was that the mats were flush against the bottom of the staircase. This dispute over the precise position of the mats, however, is insufficient to establish a triable issue of fact to defeat defendants' prima facie showing. "The reasonable care standard does not require a defendant to cover all of its floors with mats to prevent a person from falling on tracked-in-moisture; nor does it require a defendant to place a particular number of mats in particular places" (*id.* at 465 [citations omitted]; *see also Amsel v New York Convention Ctr. Operating Corp.*, 60 AD3d 534 [2009], *lv denied* 13 NY3d 710 [2009]).