BRIARPATCH LIMITED, L.P., et al., Appellants, v BRIARPATCH FILM CORP. et al., Defendants, and VERNER SIMON P.C. et al., Respondents. [932 NYS2d 451]—

In a previous action, plaintiffs obtained a money judgment against defendant Robert M. Geisler and his then-partner John Roberdeau (the judgment debtors). Plaintiffs later learned that monies in which the judgment debtors had an interest were allegedly being received and disbursed through the judgment debtors' attorney Paul W. Verner and his law firm Verner Simon P.C. (together Verner). On June 13, 2001, plaintiffs served a CPLR 5222 (b) restraining notice on the judgment debtors, and on Verner as garnishee. Verner was subsequently found in contempt for violating the restraining notice a day after it was issued.

In 2001, plaintiffs brought this action against, inter alia, Geisler and Verner. The fourth amended complaint asserts a cause of action against Verner for further violations of the restraining notice. In particular, the complaint alleges that Verner received more than $525,000 in funds in which the judg-

ment debtors had an interest and disbursed those monies in contravention of the restraining notice. According to the complaint, at the time of the disbursements, Verner knew that the judgment had not been satisfied or vacated.

A CPLR 5222 (b) restraining notice "may be served on either the judgment debtor himself or . . . upon a third-party 'garnishee'—a person who owes a debt to the judgment debtor or who is in possession of property in which the judgment debtor has an interest" (*Aspen Indus. v Marine Midland Bank*, 52 NY2d 575, 579 [1981]). Whereas a restraining notice served upon the judgment debtor is effective "until the judgment . . . is satisfied or vacated" (CPLR 5222 [b]), the injunctive effect of a notice served upon a garnishee "continues for one year [after service] or until such time as the judgment is satisfied or vacated, whichever occurs first" (*Aspen Indus.*, 52 NY2d at 579; *see* CPLR 5222 [b]). Leave of court is required to serve more than one restraining notice upon the same person, and a restraining notice may be extended by motion pursuant to CPLR 5240 (*Matter of Kitson & Kitson v City of Yonkers*, 10 AD3d 21 [2004]).

Because Verner is a garnishee, the restraining notice expired one year after it was served upon him. Plaintiffs failed to obtain leave of court to either extend the notice or file a new one. Thus, the motion court properly limited this cause of action to conduct occurring within one year after Verner was served with the notice.

We reject plaintiffs' argument that an attorney for the judgment debtor, as an officer of the court, should not be subject to the one-year limitation set forth in CPLR 5222 (b). Although we recognize that plaintiffs' allegations, if true, raise significant questions as to the propriety of Verner's conduct, the statute is clear. It unequivocally sets forth two distinct periods of restraint—one for the "judgment debtor or obligor" and one for "a person other than the judgment debtor or obligor" (CPLR 5222 [b]). Verner plainly falls within the latter category. Had the Legislature wished to carve out the exception to the statute urged by plaintiffs, it could have done so. Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.