■ VALERIE GUNTUR, Appellant, v JETBLUE AIRWAYS CORPORATION, Respondent. [960 NYS2d 15]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 7, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant airline established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she slipped and fell on "wet icy dirt" while boarding defendant's aircraft, after her flight had been delayed due to inclement weather. Defendant submitted, inter alia, climatological records showing that plaintiff's accident occurred during an ongoing storm, during which its duty to remedy a dangerous condition caused by the storm was suspended (*see Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]; *Blackwood v New York City Tr. Auth.*, 36 AD3d 522 [1st Dept 2007]). Defend-

ant had no obligation to provide a constant remedy for tracked-in or leaking water during the storm, and showed that it took reasonable precautions to address wet conditions by laying a carpet runner along the jetbridge and placing a canopy over the aircraft door (*see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 464-466 [1st Dept 2009]; *Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [2005], *affd* 6 NY3d 734 [2005]).

Plaintiff's opposition failed to raise a triable issue of fact. Contrary to plaintiff's argument, the testimony of defendant's employee, stating that the precipitation was "[o]n and off," that day does not raise a triable issue since it does not show that plaintiff's accident occurred during "a significant lull in the storm," or a reasonable time after the storm had ceased (*Pipero v New York City Tr. Auth.*, 69 AD3d 493, 493 [1st Dept 2010]; *see Ioele v Wal-Mart Stores*, 290 AD2d 614, 616 [3d Dept 2002]). Indeed, the employee also testified that the rain or snow ended "well into midnight the next morning."

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Román and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 32615(U).]**