CASTLEPOINT INSURANCE COMPANY, as Subrogee of Linda Trager, Respondent-Appellant, v WENDY MOORE et al., Appellants, and B & P CHIMNEY CLEANING AND REPAIR COMPANY, INC., Respondent-Respondent. [963 NYS2d 179]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered January 10, 2012, which denied defendants Wendy Moore and Justin Moore's motion for summary judgment seeking to dismiss the complaint as against them, granted defendant B & P Chimney Cleaning and Repair Co. Inc.'s motion for summary judgment dismissing the complaint as against it, and,

upon a search of the record, dismissed the Moore defendants' and B & P's cross claims against each other, unanimously modified, on the law, B & P's motion denied, the Moore defendants' and B & P's cross claims against each other reinstated, and otherwise affirmed, without costs.

The complaint should not have been dismissed as against B & P because a question of fact exists as to whether B & P owed Linda Trager, plaintiff's subrogor, a duty as a third-party beneficiary to B & P's contract with the Moore defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]; Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]). Juarez, B & P's employee who inspected and repaired the Moore defendants' fireplace, testified that the Moore defendants told him that smoke was entering their neighbors' homes when they lit the fireplace, and that this was the only issue that they discussed with him. Neither Juarez's testimony, the Moore defendants' testimony, nor the face of B & P's contract with the Moores conclusively establishes that the voids and/or cracks within the firebox were necessarily outside the parameters of the contract, nor that Trager was not an intended third-party beneficiary thereof. Since the prevention of smoke into Trager's home could have been an immediate, and not merely incidental, benefit of the contract (see McDonald v Riverbay Corp., 308 AD2d 345, 346 [1st Dept 2003]), and plaintiff, as the party summary judgment opponent, is entitled to have all reasonable inferences drawn in its favor (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 105-106 [2006]), the motion should have been denied.

A question of fact also exists as to whether B & P launched an instrument of harm or exacerbated a dangerous condition by either failing to inspect or inadequately inspecting the Moore defendants' firebox, or "certif[ying]" to the Moore defendants that the fireplace was safe to use by stating that it was "good to go," especially since the Moore defendants testified that once their neighbor told them that smoke entered into her home, they had stopped using the fireplace and only resumed use thereof after B & P completed its work (see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253 [2007]; Espinal v Melville Snow Contrs., 98 NY2d 136, 1 [2002]; Ocampo v Abetta Boiler & Welding Serv., Inc., 33 AD3d 332 [1st Dept 2006]).

In light of the foregoing, Supreme Court should not have searched the record and dismissed the Moore defendants' cross claims against B & P and B & P's cross claims against the Moore defendants, because their negligence and apportioned share of liability, if any, is a question of fact for the jury to resolve (see

*Cabrera v Hirth*, 8 AD3d 196, 197 [1st Dept 2004], *lv dismissed* 4 NY3d 794 [2005]). Moreover, the issue of B & P's liability for common-law contribution and/or indemnification and contractual indemnification as between it and the Moore defendants was not raised by either B & P's motion for summary judgment nor the Moore defendants' motion for summary judgment and, therefore, Supreme Court did not have the authority to search the record on that issue and award summary judgment to B & P dismissing the Moore defendants' cross claims (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Quizhpe v Luvin Constr.*, 70 AD3d 912 [2d Dept 2010]; *Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007]).*

The Moore defendants' motion seeking to dismiss the complaint as against them was properly denied. Questions of fact exist as to whether they had notice of the dangerous condition, and whether, under the circumstances, they exercised reasonable care in attempting to remedy it. The Moore defendants concede that in August 2008, they received a home inspection report from Safe Haven Inspections which stated that their chimney/brick/mortar was deteriorated, recommended evaluation and repairs by a licensed contractor, stated that the interior of the flue was not inspected, and recommended that they "retain a qualified chimney sweep to clean and evaluate the flue." The report also stated that their fireplaces "need a full evaluation by a fireplace specialist before any operation," recommended evaluation and repairs by a licensed contractor, explicitly noted that this "is a safety hazard—correction is needed," recommended installing a "safety spacer on damper when gas logs are present, and recommended "cleaning the debris and further evaluation." Considering this in conjunction with the undisputed testimony that the Moore defendants' neighbor told them that smoke entered her daughter's bedroom when the Moore's lit a fire, and that Trager told them that "there is something about smoke kicking back into the house," questions of fact as to notice abound (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Toner v National R.R. Passenger Corp.*, 71 AD3d 454, 455 [1st Dept 2010]). Contrary to the Moore defendants' contention, the foregoing certainly constitutes more than a mere "general awareness" that a hazard-

---

* While B & P correctly contends that plaintiff lacks standing to appeal from that portion of the subject order which dismissed the Moore defendants' cross claims against B & P (*see D'Ambrosio v City of New York*, 55 NY2d 454, 459-460 [1982]; *11 Essex St. Corp. v Tower Ins. Co. of N.Y.*, 96 AD3d 699, 699-700 [1st Dept 2012]; *Mixon v TBV, Inc.*, 76 AD3d 144, 154-155 [2d Dept 2010]), we reach this issue because the Moore defendants also appealed therefrom.

ous condition "may be present" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]).

Finally, since the scope and breadth of B & P's engagement is unclear on this record and Juarez testified that the Moore defendants never gave him a copy of the Safe Haven report and that the only issue they discussed with him was that smoke would go into the neighbor's residence when they lit the fireplace, so he "didn't really focus on the firebox because" of what the Moore defendants told him, a question of fact exists as to whether the Moore defendants acted reasonably in attempting to remedy the dangerous condition (*see Brown v New York Marriot Marquis Hotel*, 95 AD3d 585 [1st Dept 2012]; *Boderick v R.Y. Mgt. Co., Inc.*, 71 AD3d 144 [1st Dept 2009]). Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.