■ CHRISTINE O'SULLIVAN, Appellant, v 7-ELEVEN, INC., et al., Respondents. [54 NYS3d 582]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered on or about May 19, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted in this action where plaintiff was injured when she slipped and fell on an accumulation of slush in front of a counter in a 7-Eleven store, during an ongoing snowstorm. Defendants were not required to provide a constant, ongoing remedy for an alleged slippery condition caused by moisture tracked indoors during a storm (*see Richardson v S.I.K. Assoc., L.P.*, 102 AD3d 554 [1st Dept 2013]). Moreover, defendants demonstrated that they employed reasonable maintenance measures to prevent such a condition (*see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 466 [1st Dept 2009]), by laying out a mat, placing an

orange cone on the floor, and regularly mopping the store during the day, including within 15 minutes before plaintiff's accident. These actions were "reasonable measures to remedy a hazardous condition" (*Toner v National R.R. Passenger Corp.*, 71 AD3d 454, 455 [1st Dept 2010]).

The record also shows that defendants did not have constructive notice of the dangerous wet condition. The fact that it was snowing, with water and slush tracked in, does not constitute notice of a particular dangerous situation, warranting more than the laying of floor mats (*see Garcia v Delgado Travel Agency*, 4 AD3d 204 [1st Dept 2004]).

Furthermore, defendant 7-Eleven, Inc. is not liable by virtue of its franchise agreement with defendant Sakong, pursuant to which it relinquished control of the day-to-day operations of the store, including maintenance, to Sakong (*see Schoenwandt v Jamfro Corp.*, 261 AD2d 117 [1st Dept 1999]). Concur— Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ. ■