■ HANNA JAKUBOWSKI et al., Appellants, v AXTON OWNER LLC et al., Respondents, et al., Defendant. [65 NYS3d 444]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered September 15, 2016, dismissing the complaint as against defendants Axton Owner LLC and Starrett Corporation (collectively Starrett defendants), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 30, 2016, which, inter alia, granted the motion of the Starrett defendants for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Starrett defendants made a prima facie showing of entitlement to summary judgment based upon the "storm in progress" defense via the climatological data relied upon by their expert meteorologist (*see* CPLR 4528; *Perez v Canale*, 50 AD3d 437 [1st Dept 2008]). In opposition, plaintiffs failed to raise a triable issue as to whether it had stopped snowing long enough for the Starrett defendants' duty to clear the snow to have arisen. Even fully crediting plaintiff Henrik Jakubowski's affidavit, it does not shed light on the snowfall during the relevant period, as Administrative Code of City of NY § 16-123 (a) gives landowners a four-hour grace period to clear snow and ice, not including the period between 9:00 p.m. and 7:00 a.m. Furthermore, the nonparty witness's observation that it was not snowing at 5:00 p.m. is indicative of a temporary lull in the storm and insufficient to raise a triable issue of fact as to the existence of a duty to clear snow and ice (*see e.g. Guntur v Jetblue Airways Corp.*, 103 AD3d 485, 486 [1st Dept 2013]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.