Polanco v Newmark & Co. Real Estate, Inc. (2019 NY Slip Op 04091)





Polanco v Newmark & Co. Real Estate, Inc.


2019 NY Slip Op 04091


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman J.P., Gische, Tom, Webber, Gesmer, JJ.


9421 311271/11

[*1]Jenny Polanco, Plaintiff-Appellant,
v
Newmark & Company Real Estate, Inc., et al., Defendants-Respondents.


Elefterakis, Elefterakis & Panek, New York (Oliver R. Tobias of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered on or about November 29, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly granted to defendants in this action where plaintiff was injured when she slipped and fell on water in the lobby of a building owned and maintained by defendants. The incident occurred during an ongoing rainstorm. Defendants were not required to provide a constant ongoing remedy for an alleged slippery condition caused by moisture tracked indoors during the storm (see Richardson v S.I.K. Assoc., L.P., 102 AD3d 554 [1st Dept 2013]). Moreover, defendants demonstrated that they employed reasonable maintenance measures to address the wet conditions, by laying out rubber mats throughout the lobby (see O'Sullivan v 7-Eleven, Inc., 151 AD3d 658, 658-659 [1st Dept 2017]; Guntur v Jetblue Airways Corp., 103 AD3d 485 [1st Dept 2013]).
The record also shows that defendants met their prima facie burden of showing lack of notice through, inter alia, plaintiff's testimony that she did not see the water before she fell. Therefore, it was not visible and apparent (see Berger v ISK Manhattan, Inc., 10 AD3d 510 [1st Dept 2004]). Since the spot of water could have been tracked in by pedestrian traffic, there is no basis for finding constructive notice (Richardson, 102 AD3d 554). In opposition, plaintiff failed to create a triable issue of fact.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK