Matter of Halpern v White (2020 NY Slip Op 07133)





Matter of Halpern v White


2020 NY Slip Op 07133


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 153270/16 Appeal No. 12510 Case No. 2020-00815 

[*1]In the Matter of John Halpern, Petitioner-Respondent,
v
Matthew White, Respondent-Appellant, Bleeker Street Ventures, LLC et al., Respondents.


Freiberger Haber LLP, Melville (Jeffrey M. Haber of counsel), for appellant.
Borg Law LLP, New York (Jonathan M. Borg of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 1, 2019, which denied respondent debtor Matthew White's motion for summary judgment dismissing petitioner's claims for turnover of distribution income held by or paid to respondents Bleeker Street Ventures, LLC (BSV) and American Society of Composers, Authors and Publishers (ASCAP), unanimously affirmed, with costs.
Respondent debtor contends, for the first time on appeal, that the court lacks subject matter jurisdiction over this matter. While an objection to subject matter jurisdiction may be [*2]raised at any time, given the lack of a fully developed factual record before the motion court, the issue cannot be decided at this juncture (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Issues of fact presented by, among other evidence, respondent's own conflicting deposition testimony and affidavit preclude summary judgment on the issue of the validity of the assignment to respondent BSV (see Bajaha v Mercy Care Transp., Inc., 172 AD3d 416, 423 [1st Dept 2019]).
The expiration of the one-year restraint on respondent garnishee ASCAP did not immediately entitle respondent debtor to the contested funds, in particular because issues of fact preclude a final determination of ownership (cf. Briarpatch Ltd., L.P. v Briarpatch Film Corp., 89 AD3d 425 [1st Dept 2011] [holding garnishee not liable for releasing funds after one year passed but not determining who owned the funds]).
As issues of fact preclude a determination of the owner of the revenue, respondent debtor is not entitled to summary judgment on the issue of whether the funds were exempt from garnishment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020