Dakers v BFP Tower C Co., LLC (2022 NY Slip Op 05369)

Dakers v BFP Tower C Co., LLC

2022 NY Slip Op 05369

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 157706/15 Appeal No. 16295 Case No. 2021-04231 

[*1]Evette Dakers et al., Plaintiffs-Respondents,
v
BFP Tower C Co., LLC, et al., Defendants, ABM Janitorial Services-Northeast, Inc., Defendant-Appellant.

Jeffrey Samel & Partners, New York (Robert G. Spevack of counsel), for appellant.
Alan H. Figman, PLLC, New York (Alan H. Figman of counsel), for respondents.

Order, Supreme Court, New York County (John Kelley, J.), entered October 27, 2021, which denied defendant ABM Janitorial Services-Northeast, Inc.'s (ABM) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff testified that she was injured when she slipped and fell on a metal grate near an escalator at the Brookfield Place Center in Manhattan. According to plaintiff, she was injured because dust from a demolition/construction project at the premises combined with moisture tracked into the building by pedestrians during a rainstorm created a slippery paste on the floor. Surveillance cameras at the premises recorded the accident in real time, and the parties provided a video of the accident.
ABM, which provided janitorial services at the Brookfield Place Center, failed to sustain its initial burden of demonstrating that its alleged negligence did not cause or contribute to plaintiff's accident. Although no construction dust or moisture are visible on the tape, the surveillance cameras were located high above the metal grate, and it is possible that white powder and moisture are not visible on the tape because the floor was made of white marble. Accordingly, plaintiff's testimony about the cause of her accident is not impossible to believe, contradicted by the video or photographs, or of no evidentiary value, and is therefore sufficient to defeat the motion for summary judgment.
To be sure, a landlord is not obliged to continuously mop moisture tracked onto the floor of its premises by people entering from outside or to cover the entire floor with mats (see Thomas v Boston Props., 76 AD3d 460, 461 [1st Dept 2010]; Gonzalez-Jarrin v New York City Dept. of Educ., 50 AD3d 334, 335 [1st Dept 2008]). However, plaintiff claims that her accident resulted not only from rain tracked in from outside or from the failure to place mats on the floor, but from a condition caused by a combination of construction dust and moisture. Indeed, no party disputes that there was ongoing interior construction in the area in the days and weeks before the accident. Furthermore, ABM failed to demonstrate that it had no constructive notice of the
dangerous condition, since it did not present evidence as to when the area was last cleaned and inspected on the day of the accident (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022