Attia v Slazer Enters., LLC (2023 NY Slip Op 01834)

Attia v Slazer Enters., LLC

2023 NY Slip Op 01834

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 113929/07 Appeal No. 17641 Case No. 2022-03920 

[*1]Atef Attia, Respondent,
v
Slazer Enterprises, LLC, et al., Appellants, Madison Park Group et al., Defendants, Civetta Cousins JV LLC, Respondent.

Newman Myers Kreines Harris, P.C., New York (Matthew Lavoie of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for Atef Attia, respondent.
McCauley Law Firm, PLLC, White Plains (Todd M. McCauley of counsel), for Civetta Cousins JV LLC, respondent.

Order, Supreme Court, New York County (William Perry, J.), entered on or about June 21, 2022, which, to the extent appealed from, denied defendants Slazer Enterprises, LLC's and Bovis Lend Lease LMB, Inc.'s motion for summary judgment dismissing the complaint as against them and for summary judgment on their cross claims for contractual and common-law indemnification against defendant Civetta Cousins JV LLC, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he tripped and fell on a snow-covered plywood plank on the sidewalk abutting 20 East 23rd Street in Manhattan, a property owned by defendant Slazer. Slazer contracted with defendant Bovis to act as the construction manager on a project to construct a residential building on the property. Bovis subcontracted with defendant Civetta to perform excavation and foundation work on the project.
The court properly denied Slazer and Bovis summary judgment dismissing the complaint as against them. Slazer and Bovis failed to make a prima facie showing that they lacked constructive notice of the plywood that allegedly caused plaintiff to trip and fall, as they did not submit any evidence establishing when they last inspected the sidewalk abutting their construction site prior to the accident (see Dakers v BFP Tower C Co., LLC, 208 AD3d 1128, 1129 [1st Dept 2022]; Smith v Montefiore Med. Ctr., 192 AD3d 609, 610 [1st Dept 2021]). The testimony of Bovis's senior superintendent that he "would" inspect the sidewalk at the end of each workday, without any indication as to whether this general practice was followed on the day of the accident, was insufficient to establish absence of constructive notice (see Williams v Beth Israel Hosp. Assn., 201 AD3d 429, 430 [1st Dept 2022]; Joachim v AMC Multi-Cinema, Inc., 129 AD3d 433, 434 [1st Dept 2015]).
Absent a showing that they were free of negligence, Slazer and Bovis are not entitled to contractual and common-law indemnification from Civetta (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023