Rodriguez v KWIK Realty, LLC (2023 NY Slip Op 02471)

Rodriguez v KWIK Realty, LLC

2023 NY Slip Op 02471

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 160267-17 Appeal No. 201 Case No. 2022-02482 

[*1]Santa Rodriguez et al, Plaintiffs-Appellants,
v
KWIK Realty, LLC et al., Defendants-Respondents.

Abrams Fensterman, LLP, Brooklyn (Michael S. Kelton of counsel), for appellants.
Hinshaw & Culbertson LLP, New York (Concepcion A. Montoya and Kimberly A. Jansen of the bar of the State of Illinois, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (William Perry, J.), entered on or about March 21, 2022, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross-motion for summary judgment as to liability, unanimously modified, on the law, to deny defendants' motion for summary judgment, and otherwise affirmed, without costs.
On December 18, 2016, at about 1:00 a.m., plaintiff Santa Rodriguez slipped and fell on water in the vestibule between the outer and inner entrance doors of her apartment building located at 520 W 183 rd Street in New York, as she was entering the building. Defendant Kwik Realty LLC was the owner and defendant Successful Management Corp. was the manager of the subject property. It is undisputed that it had been snowing December 17, 2016 the day before.
"It is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to a third party, the potential that such injury would be of a serious nature, and the burden of avoiding such risk" (Alexander v New York City Transit, 34 AD3d 312, 313 [1st Dept 2006] citing Basso v Miller, 40 NY2d 233, 241 [1976]).
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal—Mart Stores, Inc., 29 NY3d 1136, 1137 [2017]). In the instant matter, defendants failed to make a prima facie showing that they lacked actual or constructive notice of the hazardous condition caused by the wet and slippery floor where plaintiff fell, as they did not submit any evidence establishing when they last inspected the vestibule on the day of the accident (see Attia v Slazer Enterprises, LLC, _AD3d_, 2023 NY Slip Op 01834 at *1 [1st Dept 2023][citations omitted]; Hill v Manhattan N. Mgt., 164 AD3d 1187, 1187 [1st Dept 2018]). Rather, the evidence shows that the building's superintendent was aware of the hazardous condition and tried to address it with a mat and caution sign. In addition, plaintiffs raised issues of fact as to whether these precautions were reasonable under the circumstances. Although a landlord is not obligated to continuously mop moisture tracked onto the floor of its premises by people entering from outside or to cover the entire floor with mats, here plaintiff claims that her accident was caused by the building superintendent's placement of an unreasonably short anti-slip floor mat on known wet, glossy tiles on a newly laid floor (see generally Dakers v BFP Tower C Co., LLC, 208 AD3d 1128, 1129 [1st Dept 2022]). Plaintiffs also claim that defendants failed to check to see if the wet floor warning sign remained in place after it was initially placed as a precautionary [*2]device.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023