| |
|---|
| **Ramirez v KBC Food Corp** |
| 2024 NY Slip Op 33551(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158773/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. PAUL A. GOETZ        PART           47

*Justice*

---------------------------------------------------------------------------------X

ERICA RAMIREZ

                Plaintiff,

         - v -

KBC FOOD CORP D/B/A C-TOWN,

             Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158773/2020 |
| MOTION DATE | 02/27/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 77, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89

were read on this motion to/for                JUDGMENT - SUMMARY          .

In this personal injury action arising out of plaintiff's slip and fall on the floor of a C-Town grocery store, defendant moves for summary judgment pursuant to CPLR § 3212 to dismiss the complaint.

## BACKGROUND

At around 4 p.m. on September 6, 2019, plaintiff stepped away from her work at a nail salon to get something to eat from the C-Town grocery store located at 1721 1st Avenue, New York, NY 10128 (the store) (NYSCEF Doc No 49, 42:23-45:16). The store was about a five-minute walk from the salon, and it was raining (*id.*, 43:3-23, 45:13-16). Plaintiff was wearing "nonslip slip on shoes" (*id.*, 48:17-49:17).[1] When plaintiff arrived at the front entrance, the automatic doors slid open and she walked inside (*id.*, 52:18-53:11). A piece of cardboard had been laid out on the floor just past the doors (*id.*, 54:10-55:19). When plaintiff stepped onto it,

---

[1] Plaintiff first called the shoes she wore "slippers," but it appears she was wearing thong sandals (*id.*).

**158773/2020   RAMIREZ, ERICA vs. KBC FOOD CORP D/B/A C-TOWN**
**Motion No.  002**

Page 1 of 5

her foot slipped forward and she fell on her back, using her hands to break her fall (*id.*, 58:4-22). She then realized that the cardboard was wet from rainwater tracked in by other customers (*id.*, 55:3-15). An ambulance was called, and paramedics helped plaintiff up and onto a stretcher and brought her to a hospital where she was treated for her injuries (*id.*, 64:7-65:25).

C-Town general manager Noe Leal testified that the store often laid out big pieces of cardboard at the entrance on rainy days in order "to help maintain the floor a little bit drier" (NYSCEF Doc No 88, 24:7-15). Once the cardboard became "too wet, [they] just replace[d] them" with a new piece (*id.*, 26:9-12, 33:10-13 [explaining that when "they're too wet, . . . they start to break down apart [and] become undone"). On the day of plaintiff's accident, Leal did not have a record of the last time the carboard had been replaced but testified that he "know[s] those were changed like two times before . . . because they were wet" (*id.*, 32:16-33:17). Leal, who witnessed plaintiff's accident, also testified that plaintiff "was running" when she entered the store (*id.*, 34:14-21).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

**158773/2020  RAMIREZ, ERICA vs. KBC FOOD CORP D/B/A C-TOWN**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Defendant argues that plaintiff's complaint should be dismissed pursuant to the storm-in-progress defense, which "is based on the principle that there is no liability for injuries related to falling on *accumulated snow and ice* until after the storm has ceased, in order to allow workers a reasonable period of time to clean the walkways" (*Powell v MLG Hillside Assocs., L.P.*, 290 AD2d 345, 345 [1st Dept 2002] [emphasis added]). However, "the doctrine has [not] been applied to conditions caused by a storm where the only precipitation is rain" (*Hilsman v Sarwil Assocs., L.P.*, 13 AD3d 692, 693-94 [3rd Dept 2004]; *Robinson v City of New York*, 2019 NY Slip Op 04649 [1st Dept 2019] ["Under the circumstances of this case" wherein plaintiff slipped in a puddle, "the storm in progress doctrine did not apply"]; *Toner v National R.R. Passenger Corp.*, 71 AD3d 454 [1st Dept 2010]; *Coston v Kawasar Haque*, 2014 NY Slip Op 31037[U], *6 [SC NY Co 2014] ["The doctrine does not apply to conditions caused by a storm where the only precipitation is rain"]). Indeed, each case defendant cites involves dangerous conditions caused

**158773/2020   RAMIREZ, ERICA vs. KBC FOOD CORP D/B/A C-TOWN**
**Motion No.  002**

**Page 3 of 5**

3 of 5

[* 3]

by snow and ice (*Sherman v New York State Thruway Auth.*, 27 NY3d 1019 [2016] [fell on icy sidewalk]; *Guntur v Jetblue Airways Corp.*, 103 AD3d 485, 485 [1st Dept 2013] [fell on "wet icy dirt"]; *Powell*, 290 AD2d; *McConologue v Summer St. Stamford Corp.*, 16 AD3d 468 [2nd Dept 2005] [fell on black ice]; *Dowden v Long Island R.R.*, 305 AD2d 631 [2nd Dept 2003] [fell on accumulated snow and ice]; *Martin v Wagner*, 30 AD3d 733, 733 [3rd Dept 2006] [fell as a result of an "ice-snow mix"]). Thus, the storm-in-progress defense is inapplicable to this case.

Defendant next argues that the wet condition of the carboard was open and obvious and not inherently dangerous; and that plaintiff was the sole proximate cause of her fall because "she was running in slippers while it was raining" (NYSCEF Doc No 44). In opposition, plaintiff argues that "[t]he cardboard itself concealed the wet floor and obscured the slippery condition created between the cardboard and the floor"; and plaintiff testified that she walked (not ran) into the store wearing slip resistant shoes (NYSCEF Doc No 85). Plaintiff has thus raised issues of fact, as it is unclear from the record how her fall occurred (i.e., whether it was caused by a concealed hazard or an obvious one) and conflicting testimony has been submitted by the parties as to plaintiff's shoes and whether she was walking or running at the time of her fall (*Lowman v Consolidated Edison Co. of N.Y., Inc.*, 220 AD3d 510, 511 [1st Dept 2023] [summary judgment "properly denied" where contradictory testimony was submitted]; *Matter of Halpern v White*, 189 AD3d 407, 408 [1st Dept 2020] ["Issues of fact presented by . . . conflicting deposition testimony [] preclude summary judgment"]; *Evans v Acosta*, 169 AD3d 438, 439 [1st Dept 2019] ["The conflicting testimony of the two eyewitnesses concerning how plaintiff [fell] present triable issues of fact and credibility precluding summary judgment"]).

## CONCLUSION

Based on the foregoing, it is

**158773/2020   RAMIREZ, ERICA vs. KBC FOOD CORP D/B/A C-TOWN**
**Motion No.  002**

Page 4 of 5

4 of 5

ORDERED that defendant's motion for summary judgment is denied.

20241007150842PGOETZ18DE8616F2D6A46C0A182848E5D8C8CE6

| 10/7/2024 | | PAUL A. GOETZ, J.S.C. |
|-----------|--|------------------------|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158773/2020   RAMIREZ, ERICA vs. KBC FOOD CORP D/B/A C-TOWN**
**Motion No.  002**

Page 5 of 5

5 of 5