| |
|---|
| **Medina v Jamestown Props. Corp.** |
| 2026 NY Slip Op 30666(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159203/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**
                                 *Justice*

PART            58

------------------------------------------------------------------------------X

CHANTAL MEDINA,

                     Plaintiff,

               - v -

JAMESTOWN PROPERTIES CORP., JAMESTOWN 450
WEST 15TH STREET, L.P., WESTSIDE SUPERMARKET,
LLC,

                    Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159203/2019 |
| MOTION DATE | 07/31/2025, 08/01/2025 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 179, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 232, 233, 234, 235, 236, 237

were read on this motion to/for                JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 180, 181, 182, 183, 184, 185, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 238, 239, 240, 241, 242, 243

were read on this motion to/for                JUDGMENT - SUMMARY      .

This is an action to recover damages for personal injuries allegedly sustained by plaintiff when she slipped and fell on a wet floor. In motion sequence number 003, defendants Jamestown Properties Corp. (Jamestown Properties) and Jamestown 450 West 15th Street, L.P. (Jamestown 450 West) (collectively, Jamestown) move, pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. Plaintiff and defendant Westside Supermarket, LLC (Westside Market) opposes.

In motion sequence number 004, defendant Westside Market moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. Plaintiff and Jamestown oppose.

159203/2019 MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.
Motion No. 003 004

Page 1 of 10

[* 1]

## PERTINENT BACKGROUND

Plaintiff alleges that on October 27, 2018, she slipped and fell on a wet floor in an interior common hallway near the employee entrance of the department store, Jeffrey, where she was employed as a salesperson. At the time of the accident, Jamestown Properties and/or Jamestown 450 West owned the building in which the accident occurred (the Building). Jeffrey was one of a number of tenants in the Building at the time.

It is undisputed that it was raining on the day of the accident. Although plaintiff did not see water on the floor prior to her fall, she knew that she slipped on water because her pants were wet after she fell. Plaintiff alleges that a delivery person, employed by Westside Market, tracked water into the area where she fell while he was making a food delivery to Jeffrey employees.

Plaintiff commenced this action against Jamestown and Westside Market, seeking damages for the injuries she allegedly sustained as a result of the fall (NYSCEF Doc. No. 1). Jamestown and Westside Market each answered the complaint and asserted cross-claims for indemnification against each other (NYSCEF Doc. No. 6, 8).[1]

## DISCUSSION

### *Jamestown's Motion for Summary Judgment*

"To prevail on a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that demonstrates the absence of any material issues of fact (CPLR 3212 [b]). Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial (*see Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024], citing *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). All facts

---

[1] Jamestown also initiated a third-party action against Jeffrey which was discontinued by stipulation dated April 15, 2022 (NYSCEF Doc. Nos. 14, 165).

**159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.**              **Page 2 of 10**
  **Motion No.  003 004**

[* 2]

are viewed in the light most favorable to the non-moving party (*id.*)" (*Nellenback v Madison County*, __ NY3d __, 2025 NY Slip Op 02263, *1 [2025]).

"It is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to a third party, the potential that such injury would be of a serious nature, and the burden of avoiding such risk" (*Rodriguez v Kwik Realty, LLC*, 216 AD3d 477, 478 [1st Dept 2023] [internal quotation marks and citations omitted]). "In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Parietti v Wal-Mart Stores, Inc.*, 29 NY3d 1136, 1137 [2017]; *see Rodriguez v Kwik Realty, LLC*, 216 AD3d at 478). "Once that showing is made, the burden shifts to plaintiff to raise a triable issue of fact as to the creation of the defect or notice of it" (*Rosario v Prana Nine Props., LLC*, 143 AD3d 409, 410 [1st Dept 2016]).

Here, plaintiff does not allege in the complaint that Jamestown created the water condition. Rather, she alleges that the condition was created by a delivery worker tracking water into the area while making a food delivery (Complaint at ¶¶ 18-20). Therefore, under plaintiff's theory of liability, Jamestown did not affirmatively create the dangerous condition.

As to actual notice, Jamestown argues that there is no evidence that it was notified of the alleged water condition or otherwise had actual notice of the condition. It points out that plaintiff did not report the condition to Jamestown prior to the accident, and while plaintiff testified during her deposition that a co-worker told her that he reported the condition to the Building's security, this constitutes hearsay. Moreover, plaintiff testified that she was unsure as

159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.
Motion No.  003 004

Page 3 of 10

3 of 10

to whether the co-worker made the report before, or after, the accident (Plaintiff's EBT at 165:16, NYSCEF Doc. No. 140). Jamestown asserts, therefore, that there is no admissible evidence that it had actual notice of the condition.

However, Jamestown cannot establish its prima facie case by pointing to gaps in plaintiff's proof (*see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC*, 99 AD3d 448, 450 [1st Dept 2012] [movant on a motion for summary judgment cannot meet its initial burden of affirmatively establishing "the absence of notice as a matter of law . . . merely by pointing out gaps in the plaintiff's case"] [internal quotation marks and citations omitted]). Jamestown submits no affirmative proof, such as testimony from employees stating that they had no knowledge of the condition or that there had been no complaints received about water in the area prior to plaintiff's fall. Therefore, Jamestown fails to establish that it lacked actual notice of the alleged condition that caused plaintiff to fall (*see Henriquez v Appula Mgt. Corp*., 234 AD3d 592, 593 [1st Dept 2025]).

Additionally, Jamestown fails to establish that it lacked constructive notice. "In a slip and fall case, the defendant's prima facie burden in moving for summary judgment must include details regarding the last cleaning and inspection of the area before the accident" (*Contreras v Parkash*, 242 AD3d 594, 595 [1st Dept 2025] [internal quotation marks and citations omitted]; *see Mandel v 340 Owners Corp*., 189 AD3d 483, 484 [1st Dept 2020]; *see generally Ross v Betty G. Reader Revocable Trust,* 86 AD3d 419, 421 [1st Dept 2011] ["A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell"]). Jamestown presents no such evidence.

**159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.**          **Page 4 of 10**
 **Motion No.  003 004**

4 of 10

[* 4]

Jamestown correctly contends that during an ongoing rainstorm, a building owner is "not required to provide a constant ongoing remedy for an alleged slippery condition caused by moisture tracked indoors during the storm" (*Polanco v Newmark & Co. Real Estate, Inc*., 172 AD3d 602, 602 [1st Dept 2019]; *see Dakers v BFP Tower C Co., LLC*, 208 AD3d 1128, 1129 [1st Dept 2022] ["To be sure, a landlord is not obliged to continuously mop moisture tracked onto the floor of its premises by people entering from outside or to cover the entire floor with mats"]).

However, it must, nevertheless, demonstrate that it employed "reasonable remedial measures to address [the] ongoing rainstorm by," for example, "laying mats in front of the entrance doors and elsewhere throughout the premises" (*Betancourt v ARC NYC123 William, LLC*, 232 AD3d 459, 459 [1st Dept 2024]; *see Hart v 210 W. 77 St. LLC,* 233 AD3d 610, 610 [1st Dept 2024] ["The condominium demonstrated that it undertook reasonable maintenance measures to address the wet conditions created by tracked-in snow by laying rubber mats throughout the lobby, including an eight-foot runner from the building entrance to the elevator bank, as well as having the doorman and other staff dry mop any wet spots"]; *Polanco v Newmark & Co. Real Estate, Inc.,* 172 AD3d at 602 ["defendants demonstrated that they employed reasonable maintenance measures to address the wet conditions, by laying out rubber mats throughout the lobby"]; *O'Sullivan v 7-Eleven, Inc*., 151 AD3d 658, 658-659 [1st Dept 2017] ["defendants demonstrated that they employed reasonable maintenance measures to prevent (slippery conditions caused by moisture tracked indoors) by laying out a mat, placing an orange cone on the floor, and regularly mopping the store during the day, including within 15 minutes before plaintiff's accident. These actions were reasonable measures to remedy a hazardous condition"] [internal quotation marks and citations omitted]).  Here, Jamestown

159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.
Motion No.  003 004

Page 5 of 10

[* 5]

presents no evidence regarding any remedial measures taken to address moisture tracked onto the floors of its premises due to the rainstorm on the day of the accident.

Contrary to Jamestown's contention, the fact that plaintiff did not see the water immediately before she fell does not relieve Jamestown of its "initial burden to show that the dangerous condition was not apparent for a sufficient time to rectify it" (*Contreras v Parkash*, 242 AD3d at 595 ["Even if plaintiff did not see the liquid immediately before he fell, defendant was not relieved of the initial burden to show that the dangerous condition was not apparent for a sufficient time to rectify it"]; *see generally Henriquez v Appula Mgt. Corp*., 234 AD3d at 593; *Wade-Westbrooke v Eshaghian*, 21 AD3d 817, 817 [1st Dept 2005]; *Straus v New Wah Fung Corp.,* 269 AD2d 140, 141 [1st Dept 2000]).

Furthermore, plaintiff's deposition testimony is insufficient to establish that the water condition existed for less than 15 minutes before plaintiff's fall.  In this regard, Jamestown relies on plaintiff's testimony that she passed by the same area on her way to the breakroom without seeing the water, and then returned 15 minutes later, at which point she fell on the water. However, plaintiff testified that she was "looking straight ahead" when she first passed the area on her way to the breakroom (Plaintiff's EBT at 23:5, NYSCEF Doc. No. 140).  Viewing the evidence in the light most favorable to plaintiff, as the non-moving party, it is possible that the water was present at that point in time, but that plaintiff did not see it because she was not looking down at the ground.

To the extent Jamestown is relying on videos taken of the original video surveillance footage of the accident (NYSCEF Doc. Nos. 141-143), the videos were taken at an unknown time by an unidentified individual and are unauthenticated.  As such, they do "not constitute evidence in admissible form, as required on a motion for summary judgment" (*Kuti v Sera Sec.*

*Servs.*, 182 AD3d 401, 404 [1st Dept 2020]; *see Rondon v 328 W. 44 St. LLC*, __ AD3d __, 2025 NY App Div LEXIS 6446 [1st Dept 2025]).  However, since plaintiff also relies on the videos (Plaintiff's Mem of Law at 5-6; NYSCEF Doc. No. 193), they are admissible for the purposes of this motion (*see Cruz v Skeritt*, 140 AD3d 554, 554 [1st Dept 2016]).

In any event, the videos do not establish Jamestown's burden.  Jamestown observes that one of the videos depicts at least two individuals walking by the area without incident within seconds before plaintiff's fall, asserting that this establishes a lack of constructive notice. However, the fact that other individuals walked by without incident does not establish that the water was not visible.

Jamestown also seeks dismissal of the cross-claims asserted against it based on the lack of evidence that it created the condition or had actual or constructive notice of it.  As discussed above, Jamestown fails to meet its burden on dismissal of plaintiff's claims against it and is thus not entitled to dismissal of the cross-claims.

Since Jamestown fails to meet its prima facie burden of establishing its entitlement to judgment as a matter of law, its motion for summary judgment is denied without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Contreras v Parkash,* 242 AD3d at 595).

### *Westside Market's Motion for Summary Judgment*

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]).  "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . . The existence of one or more of these elements is sufficient to give rise to a duty

159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.          Page 7 of 10
  Motion No.  003 004

7 of 10

[* 7]

of care. Where none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297 [1st Dept 1988] [internal citations omitted]; *see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [1st Dept 2005]).  Here, Westside Market met its initial burden by establishing that none of these elements are present (*see* Belesis Affidavit, NYSCEF Doc. No. 171).

In opposition to Westside Market's prima facie showing that it did not owe a duty to plaintiff with respect to the dangerous condition, plaintiff and Jamestown failed raise a triable issue of fact.  Plaintiff argues in opposition to the motion that Westside Market can be held liable for her injuries despite the fact that none of these elements are present because Westside Market created the dangerous condition by tracking water into the area while making a food delivery. However, Westside's manager testified that while he could not remember whether Westside Market delivered food to Jeffrey on the day of the accident, the delivery cart depicted in the video making the subject delivery was covered in white plastic, whereas Westside Market covered its food deliveries in clear plastic, indicating that another deli or restaurant made the delivery at issue (Hussain EBT at 34-35, NYSCEF Doc. No. 170).

The only evidence plaintiff proffers to establish that Westside Market made a delivery to the Building on the date of the accident consists of inadmissible hearsay, from a coworker who allegedly placed a lunch order with Westside Market on the date of the accident, but plaintiff was not present when he placed the order (Plaintiff's EBT at 149:19-20, NYSCEF Doc. No. 163). "While evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment, such evidence cannot form the sole basis for the court's determination" (*Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661-662 [1st Dept 2010] [quotation marks and citations omitted]).  As there is no other evidence that Westside Market made a delivery to the Building

**159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.**
  **Motion No.  003 004**

**Page 8 of 10**

8 of 10

[* 8]

on the day of the accident, plaintiff's inadmissible hearsay testimony cannot form the sole basis for denying Westside Market's motion.

The argument that Westside Market launched a "force or instrument of harm" in making the food delivery by creating or exacerbating the water condition is misplaced.  This argument refers to one of the exceptions to the general rule that a contractual obligation does not give rise to tort liability in favor of third parties  (*see Espinal v Melville Snow Contrs*., 98 NY2d 136, 138 [2002]).  The "force or instrument of harm" exception applies where a party enters into a contract to render services and fails to exercise reasonable care in the performance of his or her duties under the contract, thereby launching a force or instrument of harm (*see id.* at 140).

Here, Westside Market was not a party to a contract.  Even assuming that placing a lunch order for delivery could, under the circumstances, constitute a contract giving rise to tort liability in favor of a third-party, for the reasons already discussed, there is no admissible evidence that such a contract existed.

Thus, Westside Market's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.

### CONCLUSION

Accordingly, it is hereby

ORDERED that the motion by defendants Jamestown Properties Corp. and Jamestown 450 West 15th Street, L.P., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is denied (motion sequence number 003); and it is further,

ORDERED that the motion by defendant Westside Supermarket, LLC for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted

159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.          Page 9 of 10
Motion No.  003 004

9 of 10

and the complaint and all cross-claims are severed and dismissed insofar as asserted against defendant Westside Supermarket, LLC (motion sequence number 004); and it is further,

ORDERED that the clerk is directed to enter judgment accordingly.

2026022516483100C0HENEE38D4E691584725AAA81E85ED2CD9FB

| | |
|---|---|
| **2/25/2026** | |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159203/2019   MEDINA, CHANTAL vs. JAMESTOWN PROPERTIES CORP.**       Page 10 of 10
**Motion No.  003 004**

10 of 10

[* 10]